FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

2010 JAN 13  P 4: 12

| | |
|---|---|
| ROBERT A. NEWBILL )<br>6052 Ramshorn Place, )<br>McLean, Virginia 22101 )<br>                              )<br>         Plaintiff,          )<br>                              )<br>v.                            )   Civil Action No. 1:10CV41-JCC/TCB<br>                              )<br>UNITED STATES             )<br>     OF AMERICA          )   Jury Trial Demanded<br>                              )<br>         Defendant.          )<br>                              ) | |

## COMPLAINT

1. This is an action seeking a refund of tax assessments made under Internal Revenue Code of 1986, section 6672, 26 U.S.C. section 66672.

### PARTIES AND JURISDICTION

2. Plaintiff Robert A. Newbill ("Newbill") is a citizen of Virginia who resides in McLean, Virginia.

3. New Construction, Inc. ("New Co."), is now defunct and is a non party to this action. In 2003 it was a Virginia corporation doing business in McLean, Virginia.

4. Defendant is the United States of America. The Internal Revenue Service ("IRS") is a an agency of the United States.

5. This Court has jurisdiction, irrespective of the amount in controversy, under 28 U.S.C. § 1346(a)(1).

## ALLEGATIONS

6. In November and December, 2003, Newbill was President of New Co.

7. During November and December 2003, New Co. failed to deposit some of the taxes withheld from employees in those months in the amount of $140,279.55

8. On April 5, 2004, the IRS made assessments under IRC section 6672 against Robert E. Newbill in the amount of $140,279.55.

9. On November 2, 2006, Newbill paid $48.35 of the assessment and filed Form 843, Claim for Refund and Request for Abatement, with the IRS. See Exhibit 1. No action was ever taken on this claim.

10. Attached as Exhibits 1 to 13 are various documents relating to this case. Each is a true and accurate copy of the original.

11. Newbill and Clarke E. Newbill, a non-party to this action, paid the remaining balance of the assessment in payments made on November 15, 2006 and January 12, 2007.

12. On February 26, 2007, Newbill filed Form 843, Claim for Refund and Request for Abatement, with the IRS. See Exhibit 2. The IRS took no action on this claim.

13. On March 28, 2008, the Internal Revenue Service refunded $42,216 of the assessment to Clarke E. Newbill, a non-party.

14. On the advice to Newbill's counsel by Internal Revenue Service personnel who could find no previously filed claim for refund though it was sent by certified mail with receipt returned, on May 2, 2008, Newbill filed Form 843, Claim for Refund and Request for Abatement, again. See Exhibit 3.

15. In a letter, dated May 21, 2008, the Internal Revenue Service informed Newbill that it disallowed his claim for refund. See Exhibit 4.

16. On May 28, 2008, Newbill requested consideration by the IRS Appeals Office of the disallowance of claim for refund. See Exhibit 5.

17. A conference in the IRS' Baltimore's Appeals Office was held on October 9, 2008. At the request of the hearing officer Newbill's counsel sent the letters of October 13, 2008, and January 15, 2009, in support of Newbill's position. See Exhibits 6 and 7.

18. In a letter dated January 27, 2009, the Baltimore's Appeals Office made a proposal to settle the claim for refund by reducing the total assessment to $99,566.43. See Exhibit 8.

19. At the suggestion to Newbill's counsel by the Appeals Officer handling Newbill's claim for refund, Newbill made a counterproposal to settle his claim for refund in a letter dated March 2, 2009, sent to the Internal Revenue Baltimore Appeals Office. See Exhibit 9.

20. The IRS asserts its sent Newbill a letter rejecting this proposal and setting a deadline of "the end of April" for accepting its proposal of January 27, 2009, for settlement.

21. The alleged letter described in paragraph 20 was never received either by Newbill or his counsel under a power of attorney, Charles Davenport, and despite request by counsel, neither has been supplied with a copy of the letter.

22. In a letter dated May 7, 2009, the IRS Baltimore's Appeals Office informed Newbill his claim for refund was denied. See Exhibit 10.

23. On June 4, 2009, Newbill informed the IRS Baltimore Appeals Office, that he accepted the proposal in the IRS letter dated January 27, 2009, and executed Form 2751-AD. See Exhibit 11. This document was faxed and mailed to the IRS on June 4, 2009.

24. On October 1, 2009, Newbill requested a final determination in accordance with his acceptance of the IRS proposal. See Exhibit 12.

25. In a letter dated October 16, 2009, the IRS Baltimore Appeals Office notified Newbill

that his acceptance of the IRS proposal was too late because it was not received "by the end of April." See Exhibit 13.

26. The IRS Baltimore Appeals Office asserts by telephone call it prefers to settle this case on the basis of its proposed offer, but it has no jurisdiction to do so because acceptance by Newbill came after the IRS Baltimore Appeals Office lost jurisdiction over the case, and Newbill can obtain relief on only by filing suit for refund.

27. Newbill has accepted the proposal described in Exhibit 13 and is puzzled he must file suit for refund to accept an offer made by the IRS and never withdrawn in any communication received by him or his counsel.

## COUNT I: (REFUND OF TAXES PAID)

28. Paragraphs 1 to 27 are hereby realleged and incorporated by reference.

29. Newbill overpaid the IRS $99,566.43.

30. To be responsible for the payment of payroll taxes for New Co., Newbill had to be both the "responsible" party for paying the taxes, and to have acted "willfully" in the non-payment.

31. Newbill had no liability to the IRS for any of that amount he overpaid because he was not the person legally responsible for paying the taxes, and he did not act "wilfully."

32. Newbill has exhausted his administrative remedies to seek a refund of the taxes, without success. This action for a refund is timely filed.

33. Accordingly, the United States of America is liable to Newbill for his overpayment of $99,566.43, plus interest.

## COUNT II: (BREACH OF AGREEMENT)

34. Paragraphs 1 to 33 are hereby realleged and incorporated by reference.

35. The IRS made Newbill a bona fide offer, which he accepted in writing

36. Newbill is willing to abide by the agreement he made with the IRS, but the IRS is not willing to do so unless Newbill brings an action to accept it.

37. Newbill on the one hand, and the IRS on the other, made a valid and enforceable agreement, Newbill and the IRS are bound by that agreement, and Newbill has fully performed his duties under the agreement.

38. Newbill is entitled to have the agreement enforced.

39. Newbill is entitled to a declaratory judgment declaring the agreement valid and enforceable, or an injunction compelling the IRS to comply with it.

**WHEREFORE,** Newbill respectfully prays that the Court enter judgment for him and against the United States:

A. Awarding his $99,566.43, plus interest, for his overpayment of taxes;

B. Declaring that the parties entered into a valid settlement agreement, and directing the IRS to comply with it; and

C. Awarding him the costs of this action, and all further relief to which he may be entitled by law, or which this Court deems equitable or just including attorney fees under IRC Section 7430 for this action.

Respectfully submitted

*/s/ Raymond Battocchi*
RAYMOND D. BATTOCCHI (#24622)
Gabeler Battocchi & Powell, PC
1320 Old Chain Bridge Road, Suite 200
McLean, Virginia
Phone 703 847 8888: Fax: 703 847 9033
Counsel for Robert A Newbill

*Charles Davenport*
**CHARLES DAVENPORT** (24604)
Gabeler Battocchi & Powell, PC
1320 Old Chain Bridge Road, Suite 200
McLean, Virginia 22101
Phone: 703 790 5244 Fax: 703 790 5862
Co-Counsel for Robert A. Newbill

# Index to Exhibits

## Robert A. Newbill v. United States

| Exhibit Number | Description |
| --- | --- |
| 1 | Form 843, Claim for Refund, filed by Robert A. Newbill on November 2, 2006 |
| 2 | Form 843, Claim for Refund, filed by Robert A. Newbill on February 26, 2007 |
| 3 | Form 843, Claim for Refund, filed by Robert A. Newbill on May 2, 2008 |
| 4 | Letter, dated May 21, 2008, from IRS to Newbill denying claim for refund |
| 5 | Letter, dated May 28, 2008, from Newbill's counsel requesting consideration by Appeals Office |
| 6 | Letter, dated October 13, 2009, from Newbill's counsel to IRS Appeals Office providing information requested by IRS at conference on October 9, 2008 |
| 7 | Letter, dated January 15, 2009, from Newbill's counsel to IRS Appeals Office supplementing information requested by IRS at conference on October 9, 2008 |
| 8 | Letter, dated January 27, 2009, from IRS to Newbill proposing settlement on the basis set out in letter |
| 9 | Letter, dated March 2, 2009, from Newbill's counsel to IRS making counter proposal for settlement |
| 10 | Letter, dated May 7, 2009, from IRS Appeals Office denying claim for refund |
| 11 | Letter, faxed and mailed to IRS on June 4, 2009, from Newbill's counsel and executed Form 2751-AD, dated June 4, 2009, accepting IRS proposal of January 27, 2009 (Exhibit 8) |
| 12 | Letter, dated October 1, 2009, from Newbill's counsel to IRS requesting a final assessment in accordance with Newbill's acceptance of IRS proposal of January 27, 2009, (Exhibit 8) |
| 13 | Letter, dated October 6, 2009, from IRS rejecting Newbill's acceptance of IRS proposal of January 27, 2009 (Exhibit 8) |